UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS R. KOERNER, JR** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-13319** |
| **VIGILANT INSURANCE COMPANY** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Vigilant Insurance Company ("Vigilant"), for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Plaintiff opposes[2] the motion. After considering the arguments and the law, Vigilant's motion is granted for the reasons set forth below.

## STANDARD OF LAW

Rule 12(e) states, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must be made prior to filing a responsive pleading and "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). A court should only grant a motion for more definite statement when the complaint is "so excessively vague and ambiguous to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Phillips v. ABB Combustion Eng'g, Inc.*, No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013) (Feldman, J.).

---

[1] R. Doc. No. 4.
[2] R. Doc. No. 7.

Rule 12(e) motions are disfavored because, in light of the liberal pleading standard established by Rule 8 of the Federal Rules of Civil Procedure, "it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate [the liberal pleading standard by] requiring a plaintiff to amend [a] complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Id.* Accordingly, to determine whether a Rule 12(e) motion should be granted, the Court considers whether the complaint is sufficient to withstand a motion to dismiss according to the appropriate pleading standard. *Id.* Because plaintiff filed his petition in state court and it was thereafter removed to this Court, the appropriate pleading standard is set forth by the Federal Rules of Civil Procedure. *Id.*

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the Rule does demand "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation omitted) (internal quotation marks omitted). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the

2

elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation omitted) (internal quotation marks omitted).

## ANALYSIS

Plaintiff's state court petition consists of only one page. That page's only factual allegations are located in a single sentence, which reads:

> There is in full force and effect of [sic] policy of property and other insurance on petitioner's home at 1204 Jackson Avenue located in this Parish and State bearing policy No. 13262969-03 that is in full force and effect and has been in full force and effect for many years pursuant to which there is coverage for the extensive damage to the insured premises.[3]

Plaintiff's petition alleges, at most, that (1) Vigilant issued a policy insuring plaintiff's home and (2) that there is coverage under the policy for the extensive damage to plaintiff's home. The petition does not allege that Vigilant has improperly denied coverage, underpaid plaintiff's claim, or otherwise breached the insurance contract. As Vigilant puts it, "[t]he Petition simply does not reveal a coverage dispute between the parties."[4]

Vigilant correctly observes that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002). Vigilant therefore requests that plaintiff be ordered to amend his petition to allege: (i) each item of claimed damage to the property; (ii) the alleged cause of each item of damage and the date it was sustained; (iii) the provisions in defendant's policy providing

---

[3] R. Doc. No. 1-1, at 1.
[4] R. Doc. No. 4-1, at 3.

coverage for each item of damage; and (iv) precisely how defendant breached its policy with respect to plaintiff's claimed damage.

Plaintiff responds that he "has no quarrel with the law cited by Vigilant."[5] He instead argues that defendant's motion should be denied—or at least that the Court's ruling on it should be postponed—because the adjustment process is ongoing and he does not yet know whether defendant "will 'step up to the plate' with any money, a little money, or a substantial portion of the money required to repair [plaintiff's] historic home."[6] While plaintiff admits that an insurer "is entitled to know what the claims are and what policy provisions have been violated," he asserts that he "cannot be expected to know what the claims are and what policy provisions have been violated until [defendant] has provided a 'more definite statement' of what claims . . . it proposes to honor."[7]

There are several problems with plaintiff's position. Not only does plaintiff admit that his petition is inadequate, but he also essentially concedes that drafting an adequate petition at this stage is impossible because it is not yet clear whether a dispute exists between the parties. Plaintiff explains that he only filed this lawsuit because he was worried that if he waited his claim could be barred by "a limited two-year reach-back provision" in the policy.[8] At the present time, he does not know whether Vigilant will deny coverage for his claim either in whole or in part. Unless

---

[5] R. Doc. No. 7, at 4.
[6] R. Doc. No. 10, at 2.
[7] R. Doc. No. 7, at 4.
[8] R. Doc. No. 7, at 2.

defendant's failure to make a decision regarding coverage by the present date violates the policy or Louisiana law—neither of which have been alleged by plaintiff—then plaintiff simply does not state a claim on which relief may be granted.

While plaintiff asks the Court to delay ruling on defendant's motion and/or stay and administratively close the case "to allow [defendant] to continue to investigate and adjust the claim,"[9] that result is untenable. Without an actual dispute between the parties, the Court lacks subject-matter jurisdiction over this lawsuit. *See City of Erie v. Pap's A.M.*, 529 U.S. 277, 305 (2000) ("[F]ederal courts are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties.") (internal quotations omitted). The Court appreciates plaintiff's representation that the parties are negotiating in good faith and are both anxious to resolve their "issues" amicably,[10] but it cannot allow plaintiff to maintain an ambiguous and what appears to be anticipatory lawsuit the viability of which apparently depends on a decision defendant has yet to make.

## CONCLUSION

Because Vigilant only requests a more definite statement and not a dismissal of this lawsuit, and because without more information the Court cannot definitively state that plaintiff does not currently have a cause of action against Vigilant under the terms of the policy, the Court will afford plaintiff an opportunity to amend his petition. Accordingly,

---

[9] R. Doc. No. 10, at 2.
[10] R. Doc. No. 7, at 4.

**IT IS ORDERED** that Vigilant's motion is **GRANTED**. No later than **Monday, September 19, 2016** plaintiff shall filed an amended complaint to specify precisely how defendant breached its policy with respect to plaintiff's claimed damage.

**IT IS FURTHER ORDERED** that should Vigilant believe the amended complaint fails to state a claim on which relief may be granted, it shall file a motion to dismiss no later than **Wednesday, September 28, 2016**. Should Vigilant do so, plaintiff shall respond by **Wednesday, October 5, 2016**, at which time the Court will take the motion under submission.

New Orleans, Louisiana, September 12, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**