UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUIS R. KOERNER, JR                                          CIVIL ACTION

VERSUS                                                             No. 16-13319

VIGILANT INSURANCE COMPANY                         SECTION I

## ORDER AND REASONS

Before the Court is Louis Koerner's ("Koerner") motion[1] for entry of a default judgment against defendant CMR Construction & Roofing, LLC. Koerner asks the Court for a judgment that CMR is liable to Koerner in the full sum of $502,545.21,[2] plus legal interest from date of judicial demand until paid, all costs, and reasonable attorney's fees in an amount to be determined after further submissions to the Court. For the following reasons, the motion is granted in part.

## I.

Koerner alleges in the second amended complaint that in 2005 he was sold a "Slate 2.0" roof by CMR. He alleges that CMR represented to him that the Slate 2.0 roof was a traditional slate roof which would outlive Koerner, that the roof was backed by a 75-year all risk warranty, and that the roof would be properly installed onto Koerner's home. According to Koerner, CMR further represented to him that it would properly remove his existing and damaged roof. CMR then removed the damaged roof and installed the Slate 2.0 roof on Koerner's home.

---

[1] R. Doc. No. 37.
[2] This amount includes the expert witness fee the plaintiff paid to Ladd P. Ehlinger in the amount of $5,287.50.

In 2006, 2008, 2011, and 2012, Koerner allegedly complained to CMR regarding issues with his new roof, and CMR performed various remedial work. In 2016, however, Koerner learned that the prior roof had not been removed properly, that the Slate 2.0 roof was not a traditional slate roof as represented to Koerner, and that Koerner's home required a new roof.

Shortly thereafter, Koerner submitted a claim to Vigilant Insurance Company for the cost of the repair work. After Vigilant denied the claim, Koerner sued them in state court. Vigilant removed the claim, and Koerner subsequently amended his complaint to assert allegations against CMR. Since that time, Koerner and Vigilant have filed a joint stipulation dismissing Vigilant without prejudice. CMR, the only remaining defendant, has yet to file responsive pleadings despite being served several months ago.

## II.

Under Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps. First, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry").

Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. In that context, the court deems the plaintiff's well-pleaded factual allegations admitted. *See Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Id.* The default judgment should not be entered unless the judgment is "supported by well-pleaded allegations and . . . ha[s] a sufficient basis in the pleadings." *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotation marks omitted).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam) (internal quotation marks omitted). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

3

### III.

Koerner has already received an entry of default against CMR from the clerk. *See* R. Doc. No. 36. The question is now whether, accepting the well-pled factual allegations in the complaint as true, Koerner is entitled to a judgment against CMR for $502,545.21, plus legal interest from date of judicial demand until paid, all costs, and reasonable attorney's fees in an amount to be determined after further submissions to the Court. *See* R. Doc. No. 37, at 1.

Koerner alleges that CMR is liable because it (1) breached certain express and implied warranties, (2) breached its contract with Koerner, (3) was negligent, (4) made material misrepresentations on which Koerner reasonably relied to his detriment, and (5) sold a roof containing redhibitory defects. Although Koerner provided summary judgment-type evidence in support of his claims, he did not brief the claims themselves in his motion. The Court ordered Koerner to file a brief outlining the elements of each of the claims and demonstrate that the complaint's well-pleaded factual allegations satisfy those elements. *See* R. Doc. No. 44.

The supplemental brief sets forth the elements of Koerner's claims, and the Court is satisfied that Koerner is entitled to a default judgment on each of them. Accordingly, the Court will grant the motion as to liability. With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *See Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7 (5th Cir. 1998) (citation omitted). The damages Koerner seeks here are not liquidated damages. But the Fifth Circuit recognizes that in place of an

evidentiary hearing, a court "may rely on detailed affidavits or documentary evidence, supplemented by the judge's personal knowledge, to evaluate the proposed sum." *See id.* (citation omitted).

Koerner's requested damages are substantiated by the sworn affidavit and expert report of his construction expert, Louis Relle, as well as by the unsworn declaration and expert report of his architectural expert, Ladd Ehlinger.  Mr. Relle inspected the damage to Koerner's home and estimated the cost of repairing that damage.  He provides a fifty-two page expert report in which he explains his findings and breaks down the damage estimate by each particular repair job required.  *See* R. Doc. No. 37-4.  The report includes numerous photographs of the damage to Koerner's home.  Mr. Relle ultimately opines that completion of the entire repair project will cost $497,257.71.  *See* R. Doc. No. 37-3.  Mr. Ehlinger reviewed Mr. Relle's expert report and conducted his own inspection of Koerner's home, reaching the same conclusions.  *See* R. Doc. No. 37-6.  When added to Mr. Ehlinger's expert fees of $5,287.50, the total damage estimate calculated by Mr. Relle amounts to $502,545.21.

The Court finds that Koerner has submitted sufficient evidence to support his $497,257.71 damage claim without the need for an evidentiary hearing.  However, the Court remains unconvinced by the briefing that Koerner is entitled to recover the $5,287.50 in expert fees he paid to Mr. Ehlinger.  Koerner does not explain why he is entitled to recover expert fees in the first place.  Accordingly, a decision as to the attorney's fees issue[3] and as to whether Koerner is entitled to recover expert fees will

---

[3] Koerner is entitled to recover attorney's fees pursuant to the redhibitory defects statute.  *See* La. Civ. Code art. 2545.

be be deferred until the Court has more information.  The Court provides a deadline below by which Koerner should provide the Court with that information if he wishes to proceed as to those elements of damages.  A separate final judgment will be issued once the expert fee issue and the attorney's fees issue are decided.

IV.

For the foregoing reasons,

**IT IS ORDERED** that Koerner's motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that there be judgment in favor of plaintiff, Louis R. Koerner, Jr., and against defendant, CMR Construction & Roofing, LLC, in the full sum of **$497,257.71**, plus legal interest from date of judicial demand until paid, and costs.

**IT IS FURTHER ORDERED** that Koerner may file a brief and supporting documentation by **Monday, March 20, 2017** substantiating his claimed attorney's fees and his entitlement to expert witness fees.  If no such brief is received, such claims will be waived, final judgment will issue, and the case will be closed.

New Orleans, Louisiana, March 8, 2017.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**