UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LOUIS R. KOERNER, JR | CIVIL ACTION |
|---|---|
| VERSUS | No. 16-13319 |
| VIGILANT INSURANCE COMPANY | SECTION I |

## ORDER AND REASONS

Before the Court is a motion[1] filed by CMR Construction & Roofing, LLC to set aside the entry of default and to reconsider the partial default judgment that has been entered against it. For the following reasons, the Court grants the motion.

### I.

Koerner's suit against Vigilant Insurance Company was removed to this Court on July 27, 2016. On November 14, 2016, Koerner filed a second amended complaint joining CMR as a defendant and alleging claims of breach of warranty, breach of contract, detrimental reliance, redhibition, and negligence.

A summons was issued to CMR's registered agent in Louisiana on December 14, 2016, meaning that CMR's answer was due on January 4, 2017. After CMR failed to appear, Koerner obtained an entry of default from the Clerk on January 18, 2017. On February 21, 2017, Koerner and Vigilant entered a joint stipulation dismissing Koerner's claims against Vigilant without prejudice. On March 9, 2017, this Court granted in part Koerner's motion for entry of a default judgment against CMR.

---

[1] R. Doc. No. 50.

Judgment was entered against CMR for the sum of $497,257.71, although no final judgment was entered.

## II.

### A.

Rule 55(c) of the Federal Rules of Civil Procedure sets forth the standard for setting aside the Clerk's entry of default. It provides that "[t]he court may set aside an entry of default for good cause." To determine whether good cause exists, courts consider a number of factors including: (1) whether the default was willful, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Buckley v. Donohue Indus. Inc.*, 100 F. App'x 275, 278 (5th Cir. 2004). These three factors are not "exclusive" or "talismanic," and the Court can consider other factors including whether the "public interest was implicated," whether "there was a significant financial loss to the defendant," and whether "the defendant acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992).

Federal courts disfavor resolving cases through default judgments and have a strong policy in favor of decisions on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "[E]ntries of default are serious; where there are no intervening equities, any doubt should be resolved in favor of the movant to the end of securing a trial upon the merits." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (internal quotation marks omitted).

**B.**

Rule 54(b) of the Federal Rules of Civil Procedure sets forth the standard for reconsideration of interlocutory orders. *See Austin v. Kroger Texas, L.P.*, No. 16-10502, 2017 WL 1379453, at *8 (5th Cir. Apr. 14, 2017). Because the Court only entered a partial default judgment against CMR, its order was interlocutory and must be considered under Rule 54(b). *See Halliburton Co. Benefits Comm. v. Graves*, 191 F. App'x 248, 250 (5th Cir. 2006) (partial judgment is an interlocutory order). "Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id.* at 9 (internal quotation marks omitted).

**III.**

The Court first considers CMR's request to vacate the Clerk's entry of default, examining each factor in turn.

**A.**

CMR asserts that its failure to timely respond to the complaint was not willful but instead was caused by a number of mistakes. CMR's President, Steven Soule, explains in an affidavit that he believed it was too late for Koerner to sue CMR, as the allegations date from 2005 and 2006. Soule further believed that CMR was not actually involved in the lawsuit because the only defendant named in the caption was Vigilant and because the cover sheet sent to CMR by its registered agent was incorrectly addressed to "CMR Construction & Roofing of Texas, LLC" instead of

"CMR Construction & Roofing, LLC." Soule did not contact an attorney until after he received notice of the Court's order granting the default judgment.

A finding of willful default may be considered dispositive. *See In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). Willfulness has been defined by the Fifth Circuit as "an intentional failure to respond to litigation." *In re OCA*, 551 F.3d 359, 370 n. 32 (5th Cir. 2008). Courts have also framed a finding of willfulness in terms of whether a party is being "uncooperative" or "obstructionist." *Broadwing Commc'ns, Inc. v. Harris*, No. 00-1125, 2000 WL 1059863, at *2 (E.D. La. Aug. 1, 2000) (Vance, J.).

The Court does not find CMR's actions to be willful as defined by the Fifth Circuit. Although Soule certainly acted unwisely in failing to contact an attorney upon receiving the summons for this litigation, under the circumstances Soule's negligence is insufficient to warrant a finding of willfulness. CMR has provided evidence that the cover sheet sent by its registered agent in Louisiana incorrectly named CMR. This information in combination with the affidavit provided by Soule provides sufficient evidence for this Court to conclude that CMR was not intentionally failing to respond to litigation or trying to be uncooperative or obstructionist.

**B.**

Koerner argues that he will suffer undue prejudice if the motion to set aside the default judgment is granted. He stresses that he has engaged experts to evaluate

4

damages, has already been deposed once, and has "extensively briefed" his claims in support of his motion for default judgment. Koerner also claims in his brief that he will be prejudiced because he stipulated to a dismissal without prejudice of the homeowner's insurer, though Koerner conceded during a telephone conference with the Court that he entered into the stipulation to dismiss Vigilant for strategic reasons and that he has no intention of rejoining Vigilant in this lawsuit.

The Fifth Circuit has held that mere delay "does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Rather, there must be a showing that the delay will result in "the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud or collusion." *Id.* When the only harm to the plaintiff is having to prove his case, that harm does not constitute prejudice. *Side by Side Redevelopment, Inc. v. City of New Orleans*, No. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010) (Africk, J.).

Koerner has not shown prejudice other than delay and the inconvenience that he be required to prove his case on the merits. The work which he has already invested in this litigation will still be useful to him in a contested action. Although Koerner voluntarily dismissed Vigilant, he admitted that the dismissal was not due to CMR's failure to appear. In any event, because Vigilant was dismissed without prejudice, Koerner may seek leave to re-join Vigilant as a party once new dates and deadlines are set—though he admits that he has no intention of doing so.

## C.

CMR asserts that it has presented a number of meritorious defenses in its proposed answer. Koerner argues that CMR's defenses have no merit and CMR

5

cannot prevail on them. When analyzing this factor, the "[l]ikelihood of success is not the measure," rather, a defendant's allegations are considered to be meritorious "if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Side by Side Redevelopment, Inc.*, 2010 WL 375237 at *3 (internal quotation marks omitted). Because CMR has provided a number of defenses that if proven at trial would constitute a complete defense, the meritorious defense prong is satisfied.

**D.**

Considering the other relevant factors, this Court notes that when CMR became aware that an entry of default was entered against it and that it was a proper defendant, CMR "acted expeditiously to correct the default." *In re Dierschke*, 975 F.2d at 184. Additionally, the sum involved in this case is $497,257.71—not an insignificant amount of money. Certainly, a half million dollars is a sum "substantial enough to merit caution before denying defendant a defense on the merits." *See Harris*, 2000 WL 1059863, at *2.

After considering all of the appropriate factors, the Court determines that the motion to vacate the entry of default should be granted.

**IV.**

With respect to CMR's request for reconsideration of the default judgment, the Court concludes that reconsideration is appropriate. This Court is free to reconsider and reverse its decision for "any reason it deems sufficient." *Austin*, 2017 WL 1379453, at *9. Because the default in this case was not willful, the amount at issue is a substantial sum, the movant has at least provided a hint or suggestion of a

meritorious defense, and in light of the strong federal policy in favor of decisions on the merits, the Court concludes that the motion to reconsider and vacate the default judgment should be granted.

V.

For the foregoing reasons,

**IT IS ORDERED** that CMR's motion to set aside the Clerk's entry of default and this Court's partial default judgment are **GRANTED** and that the entry of default and default judgment are **VACATED**.

**IT IS FURTHER ORDERED** that all dates and deadlines in the above-captioned matter are continued, and will be reset at a scheduling conference with the Court's case manager on **Tuesday, May 23, 2017 at 10:15am**.

New Orleans, Louisiana, May 10, 2017.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**